This is a suit by a pedestrian seeking to recover damages for personal injuries alleged to have been received by him when he was run down by a large truck owned by the defendant.
The accident occurred in Western Avenue at the corner of Murphy Street and Western Avenue in the city of Shreveport. Murphy Street runs east and west, and Western Avenue runs north and south.
Plaintiff was walking east on Murphy Street on the north sidewalk until he reached Western Avenue. It was his intention to cross Western and proceed east on Murphy Street. He entered the intersection and had almost crossed to the east side of Western Avenue when defendant's truck, which was traveling west on Murphy Street, suddenly and without warning turned sharply to its right, heading north on Western Avenue. At that time plaintiff was within one step of the east curb of Western Avenue and he immediately attempted to reach the curb by jumping. It was at that moment he was struck by a projection on the right side of the truck and knocked down on his back. The truck was large and carried a concrete mixer, which was attached to the truck. This concrete mixer was placed crosswise of the truck with the engine, which operated the mixer, facing the right side of the truck, and a crank, used to start the engine, sticking out over the right side several inches. It was this crank, which is approximately 10 feet to the rear of the front end of the truck, which contacted plaintiff's body and knocked him down.
There are no sidewalks on Western Avenue and it is a rather narrow street. On the east side, there is a high embankment and the curb is very close to the embankment. The corner which the truck turned in entering Western Avenue is a blind corner, due to this embankment.
Plaintiff was within his rights in attempting to cross Western Avenue when he did, and the driver of the truck testified that when he began to make the turn, plaintiff was then halfway across Western Avenue. The front of the truck passed plaintiff without striking him, but due to the sharpness of the turn and the length of the truck, the crank, when it got to plaintiff, was not more than six inches from the curb. He was therefore trapped and had no way to avoid being struck by the crank.
It was negligence for the driver of the truck to turn into the blind corner without giving warning that he was going to do so, and, regardless of warnings, it was gross negligence for the truck driver to attempt to make the turn after he saw plaintiff *Page 850 
crossing the street until such time as plaintiff had reached a place of safety.
We fail to find any negligence on the part of plaintiff. There is some testimony that he was drinking, but there is not a preponderance of the testimony that his drinking had anything to do with the accident. He was simply trapped by the sudden and unexpected turning of the truck into this blind street without sufficient warning that the turn was going to be negotiated. Defendant is liable for the injuries and damages caused to plaintiff.
On the question of damages, the evidence is very meager and there is none upon which we could base an award except for pain and suffering. Plaintiff claims his back was injured when he was knocked to the curb, but there is no medical testimony to corroborate this fact. He received some brush burns, according to his testimony, and has suffered considerably on account of the injury to his back. He claims to have remained in bed for about two weeks after the accident and to have used a walking stick to aid him in getting around after that time. We are convinced plaintiff's injuries were of a minor nature and that an award of $150 will do justice in the case.
The lower court rejected plaintiff's demands. The judgment is incorrect and it is now reversed and judgment rendered in plaintiff's favor against the defendant in the sum of $150, with legal interest from judicial demand until paid; and for all costs of this suit.